**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | |
|---|---|
| HECTOR SANDOVAL,            )<br>                              )<br>    Petitioner,              )<br>                              )<br>v.                            )<br>                              )<br>UNITED STATES OF AMERICA,    )<br>                              )<br>    Respondent.              ) | No. 04-4056 |

**O R D E R**

Before the Court is a Motion for a Certificate of Appealability. [Doc 28.] For the following reasons, Petitioner's Motion is DENIED.

Petitioner wishes to appeal the denial of his request for relief under 28 U.S.C. § 2255. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy the showing required." 28 U.S.C. § 2253(c)(3). Furthermore, under 28 U.S.C. § 1915(a)(3) the Court is required to determine if Petitioner's appeal is taken in good faith. See Newlin v. Helman, 123 F.3d 429, 433-34 (7th Cir. 1997); Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). To determine that an appeal is taken in good faith, "a court need only find that a reasonable person

could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000).

Petitioner has failed to make a substantial showing of the denial of a constitutional right. In the case at bar, Petitioner was originally convicted of kidnapping. A government witness testified at trial that Petitioner used a gun during part of the kidnapping to keep the government witness from fleeing. Petitioner argued that he was the victim of ineffective assistance of counsel because his counsel never investigated alleged alibi witnesses. The government responded by submitting an affidavit from his former counsel stating that he was never told of the alibis, and Petitioner replied with a Motion to Strike the affidavit. After denying Petitioner's request for habeas relief, this Court found that the Motion to Strike the affidavit was moot.

Now, Petitioner argues that this Court should have ruled on his Motion to Strike the affidavit before ruling on the habeas petitioner. And, Petitioner argues that he should have had an evidentiary hearing to challenge the affidavit made by his former attorney.

However, Petitioner's argument is without merit because this Court did not rely upon the allegedly false affidavit. Petitioner argued that his counsel was ineffective because his counsel failed to investigate potential alibi witnesses. This Court denied this claim for two reasons. First, Petitioner only had a self serving affidavit to support his position.

Petitioner did not have any affidavits from the alleged alibis or other evidence to show that the alibis could have assisted him at trial.  And, Petitioner failed to explain why he was unable to obtain any such evidence.  Next, even if the alleged alibis existed, they could only have explained Petitioner's whereabouts for a brief period of time.  Since the kidnapping occurred over a period of days, the fact that Petitioner may have been away from the kidnapping for a brief period of time would not have been an adequate defense.  As a result, because the alibis would not have provided an adequate defense, Petitioner was not prejudiced by his attorney's alleged inactions.  As a result, because Petitioner's arguments were without merit, this Court did not rely upon the allegedly false affidavit, and did not need to address its credibility to dispose of the habeas petition.

Petitioner does not raise any additional grounds for an appeal.  Accordingly, this Court finds that a reasonable jurist could not conclude that this appeal has some merit.

IT IS THEREFORE ORDERED that the Motion for a Certificate of Appealability is DENIED.

ENTERED this __17th__ day of December, 2007.

>   s/ Joe Billy McDade_____
>   Joe Billy McDade
>   United States District Judge