# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| HECTOR SANDOVAL, | ) |
| Petitioner | ) |
| v. | ) Case No. 04-cv-4056 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 46). For the reasons stated below, the Motion is denied.

Petitioner was convicted by a jury in this Court on August 26, 2002 of kidnapping and using and carrying a firearm during and in relation to a crime of violence. (99-cr-40019). Petitioner appealed his conviction, and the Seventh Circuit affirmed it on October 20, 2003. *U.S. v. Sandoval*, 347 F.3d 627 (7th Cir. 2003). On September 1, 2004, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1). He filed this Motion pro se, but relied on a fellow inmate, Raphael Okoro, to help him draft the petition, as he does not read or speak English. This Motion alleged that Petitioner's trial counsel was ineffective because he failed to call alibi witnesses, that the government violated the Vienna Convention by failing to notify the Mexican Embassy of Petitioner's arrest, that Petitioner's rights to a fair trial were violated under the standard of *Schlup v.*

*Delo*, 513 U.S. 298, 327 (1995), and that the prosecutor violated the Citizens Protection Act of 1998. (Docs. 1 & 2).

On October 6, 2004, the Court, *sua sponte*, appointed attorney Donovan Robertson to represent Petitioner, as Okoro's draft of the § 2255 Motion was inadequate. (Doc. 3). After several requests for extensions of time to amend the Motion from Robertson, the Court set a firm deadline of April 28, 2005 for the filing of Petitioner's amended Motion.[1] (4/21/05 Text Order). On April 28, 2005, Robertson filed the amended Motion and Memorandum under § 2255. (Docs. 13 & 14). In it, he did not add to the claims made in the original motion drafted by Okoro, and in fact asserted that most of them were baseless. Robertson asserted only a claim that Petitioner, subsequent to the initial § 2255 Motion, requested be considered: that the Court violated *Blakely v. U.S.* and *Booker v. U.S.* in increasing the sentence imposed based on factors not presented to the jury or agreed to by Petitioner.

On May 16, 2005, a Motion requesting the Court's recusal and the removal of Robertson was filed, purportedly on Petitioner's behalf. (Doc. 17). Petitioner now asserts that this motion was drafted and filed by Okoro without his knowledge or consent. (Doc. 46 at 6-7). The Court, not realizing that Petitioner did not consent to

---

[1] In the meantime, the Court received from Petitioner a Motion for Leave to File Supplemental Document, in which Petitioner, filing pro se, asked the Court to consider a police report dated December 22, 1997 in which the "informant Rivas had dropped all charges against me and the police closed the case," which he contended "contradicts the federal case." (Doc. 12). Petitioner asserted that his family had just discovered this police report. This Court denied the Motion for Leave to File on April 29, 2005, citing to the rule that "a district court is entitled to insist that a represented party file his papers through counsel." (Doc. 16 (*citing Johnson v. U.S.*, 196 F.3d 802, 805-06 (7th Cir. 1999))).

the motion, granted the request to remove Robertson, ruling that Petitioner would proceed pro se from that point on, and denied the motion for the Court's recusal. (Doc. 18). The Court also construed the request that Robertson's filing be stricken as a request for the reinstatement of the original § 2255 Motion, and so reinstated that original § 2255 Motion.

Respondent filed its response to the original Motion on September 29, 2005, and Petitioner filed his traverse on October 14, 2005. (Docs. 20 & 22). On September 25, 2007, the Court denied Petitioner's original § 2255 Motion. (Doc. 25); *Sandoval v. U.S.*, 04-cv-4056, 2007 WL 2937124 (C.D. Ill. 2007). Petitioner appealed, and on July 31, 2009, the Court of Appeals affirmed this Court's decision; only the ineffective assistance and Vienna Convention issues were considered by the Court of Appeals. (Doc. 44); *Sandoval v. U.S.*, 574 F.3d 847 (7th Cir. 2009).

Petitioner now attempts to challenge the Court's September 26, 2007 judgment under Rule 60(b)(6). (Doc. 46 at 1). He actually attacks the Court's June 29, 2005 Order granting the Motion to remove Robertson from the case, arguing that the Court should have held an evidentiary hearing on the Motion in order to ascertain whether Petitioner actually wished to have Robertson removed and to proceed pro se, as the Court knew that Petitioner did not speak or read English. (Doc. 46 at 6-7). He does not argue that the Court erred in its disposition of the § 2255 Motion itself, which was upheld by the Court of Appeals, but that the Court should have held an evidentiary hearing on the Motion to remove Robertson and should have appointed new counsel for him, who would have raised stronger

3

arguments in support of the § 2255 Motion than did Okoro and Robertson.  (Doc. 46 at 5).

Motions under Rule 60(b)(6) must be filed within a "reasonable time" after the challenged order or judgment.  FED. R. CIV. P. 60(c)(1).  "[W]hat constitutes 'reasonable time' for a filing under Rule 60(b) depends on the facts of each case."  *Shakman v. City of Chicago*, 426 F.3d 925, 932 (7th Cir. 2005) (*quoting Ingram v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 371 F.3d 950, 952 (7th Cir. 2004)).  Although "there is no hard and fast rule as to how much time is reasonable for the filing of a Rule 60(b)(6) motion, we look at the interest in finality, the reasons for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties."  *Ingram*, 371 F.3d at 952 (*quoting Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)) (internal quotation marks omitted).

The judgment by this Court in Petitioner's case was entered September 26, 2007, two and a half years before the instant Motion was filed.  (Doc. 26).  Petitioner offers no explanation for the delay in his filing of the Rule 60(b)(6) Motion, but merely asserts that it is brought "within a reasonable amount of time."  (Doc. 46 at 1).  He does not assert that he did not know of the Court's judgment or that he was somehow precluded from filing a Rule 60(b)(6) Motion earlier; as he timely appealed from the judgment, it is apparent that he did know of it.  *See U.S. v. Moorehead*, 321 Fed.Appx. 512, 513-514 (7th Cir. 2009) ("In the absence of any persuasive reasons for his delay, the district court did not abuse its discretion in concluding that the

4

delay was unreasonable.") (*citing Ingram*, 371 F.3d at 952 (7th Cir. 2004)). Indeed, as Petitioner actually challenges the Court's handling of the Motion to remove Robertson, culminating in the June 29, 2005 Order, the timing of his Rule 60(b)(6) Motion is even more unreasonable. In 2005, Petitioner knew that the Court had removed Robertson from the case, reinstated the original § 2255 Motion, and determined that Petitioner would proceed pro se, but he did not file a motion to reconsider or set aside that decision until 2010, almost five years later.[2] This was not a "reasonable time" under Rule 60(c)(1), and so the Rule 60(b)(6) Motion must be denied.

In addition to being filed within a "reasonable time," "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). "Relief under Rule 60(b)(6) requires a showing of 'extraordinary circumstances" justifying the reopening of a final judgment' and '[s]uch circumstances will rarely occur in the habeas context.'" *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (*quoting Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

---

[2] Petitioner asserts that Okoro "took possession of the records of Sandoval's case and proceeded as if the case were his own." (Doc. 46 at 7). Therefore, it might be inferred that Okoro never notified him of the fact these actions had been taken, though Petitioner does not make this assertion. Even if this happened, though, the case was ultimately Petitioner's, not Okoro's, and it was Petitioner's duty to keep an eye on developments in it; notwithstanding Okoro's possession of Petitioner's records, Petitioner could contact the Court on his own, as he has in the instant Motion. He initially chose to allow Okoro to be involved in the case, and the Court had no way of knowing prior to the instant Rule 60(b)(6) Motion that Petitioner no longer approved of Okoro's handling of the case.

Petitioner's argument presented in his Rule 60(b)(6) Motion could have been raised in his appeal, at which he was represented by counsel appointed by the Court of Appeals. If this Court's failure to hold an evidentiary hearing on the Motion to remove Robertson, or to appoint other counsel, was indeed an error that unfairly affected the disposition of the § 2255 Motion, that issue could have been grounds for reversal by the Court of Appeals.[3] Rather than raise this issue to the appellate court, however, Petitioner argued only the merits of his § 2255 Motion.[4] As he could

---

[3] Petitioner also argues that Robertson (and Okoro) provided ineffective representation. He acknowledges that there is no Sixth Amendment right to counsel in post-conviction proceedings, but argues that, once counsel is appointed, the attorney must "function as counsel guaranteed by the Sixth Amendment." (Doc. 46 at 5). He asserts that Robertson "failed to adequately investigate Sandoval's case and raise stronger issues" and that he "has an 'actual innocence' claim supported by reliable evidence,'" which was overlooked by Robertson. (Doc. 46 at 5). "Because the sixth amendment does not guarantee quality (or any) counsel in post-conviction proceedings, the doctrine of ineffective assistance does not apply and lawyers' errors do not support relief." *Wilson v. U.S.*, 413 F.3d 685, 687 (7th Cir. 2005) (*citing Coleman v. Thompson*, 501 U.S. 722, 752-54 (1991); *Johnson v. McBride*, 381 F.3d 587, 589-90 (7th Cir. 2004)). In addition, it is unclear what the import of this argument is intended to be, as Petitioner asserts that it is the Court's alleged error that justifies his claim to Rule 60(b)(6) relief, not the alleged ineffectiveness of his counsel. Again, though, this issue could have been raised to the Court of Appeals through Petitioner's appellate counsel.

[4] Moreover, Petitioner asserts that the Court's failure to hold a hearing on the Motion to remove Robertson matters because, if the Court had held a hearing, a better § 2255 Motion would have been submitted by a different attorney and Petitioner would have prevailed. The problem with this argument is that there is no indication that the outcome of the § 2255 Motion would have been different, which would justify reopening the judgment. Petitioner asserts that Robertson "failed to adequately investigate Sandoval's case and raise stronger issues" and that he "has an 'actual innocence' claim supported by reliable evidence,'" which was overlooked by Robertson. (Doc. 46 at 5). (Petitioner is careful to point out that his "actual innocence" claim is not the subject of the Rule 60(b) Motion, as he does not wish the Motion to be construed as a second § 2255 Motion.) However, he does not explain what these stronger issues are, or what the "reliable evidence" supporting

6

have raised the Court's alleged error before the Court of Appeals, he is not now eligible for Rule 60(b) relief. *Bell*, 214 F.3d at 801.

    IT IS THEREFORE ORDERED that Petitioner's Rule 60(b) Motion (Doc. 46) is DENIED.


Entered this <u>25th</u> day of May, 2010.


                                                     s/ Joe B. McDade
                                                     JOE BILLY McDADE
                                        United States Senior District Judge

---

his claim of innocence is, so the Court cannot ascertain whether its disposition of the § 2255 Motion would have been different.